IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAZEN AND NINA SHAHIN, | § | |
| AS CO-TRUSTEES OF THE | § | No. 31, 2023 |
| MAZEN AND NINA SHAHIN | § | |
| REVOCABLE LIVING TRUST | § | Court Below–Superior Court |
| AGREEMENT DATED MARCH | § | of the State of Delaware |
| 2, 2002, | § | |
| | § | C.A. No. K21C-06-001 |
| Defendants Below, | § | |
| Appellants, | § | |
| | § | |
| v. | § | |
| | § | |
| STATE OF DELAWARE, UPON | § | |
| THE RELATION OF THE | § | |
| SECRETARY OF THE | § | |
| DEPARTMENT OF | § | |
| TRANSPORTATION, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 29, 2023
Decided: December 15, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) The appellants—Mazen and Nina Shahin (the "Shahins"), as co-trustees of the Mazen and Nina Shahin Revocable Living Trust Agreement dated March 2, 2002 (the "Trust")—appeal the Superior Court's entry of default judgment

in favor of the appellee—the State of Delaware, upon the Relation of the Secretary of the Department of Transportation ("DelDOT")—in a condemnation action brought against a portion of the Shahins' property. Having considered the parties' respective arguments, we affirm the Superior Court's judgment for the reasons explained below.

(2)     In June 2021, DelDOT filed a condemnation action under Title 10 and Title 17 of the Delaware Code to acquire a fee simple parcel of approximately 605 square feet and a temporary construction easement over approximately 825 square feet from property located at 103 Shinnecock Road, Dover, Delaware (the "Property") for the reconstruction of a state highway. The complaint named as defendants the Property and the record owners of the Property: the Shahins' children, Ramy Shahin and Randa Shahin, as co-trustees of the Trust. DelDOT then moved for an order of possession under 10 *Del. C.* § 6110 and deposited its approximation of the good faith value of the taking ($6,900.00) with the Superior Court. A hearing on the motion was noticed for July 30, 2021.

(3)     Before the hearing, the Shahins, who were not named defendants at the time, filed two documents: one entitled "Strong Objections to the Plaintiff's Claims," and the other entitled "Putative Defendants' Report of Gross Violations of Their Constitutional Rights." Among other things, the Shahins claimed that the attorney who handled their settlement when they purchased the Property recorded

2

the deed in their children's names in error. Neither of the Shahins' children signed the Shahins' papers or otherwise responded to the complaint. Following the July 30, 2021 hearing, at which neither the Shahins nor their children appeared, the Superior Court granted DelDOT's motion and entered an order of possession.

(4) DelDOT next moved for default judgment. Thereafter, the Shahins filed a motion for sanctions and two motions objecting to the entry of default judgment. All the motions accused DelDOT and/or its attorneys of various forms of misconduct, including violating the Shahins' constitutional rights as well as engaging in national-origin discrimination, harassment, and corruption. One of the motions filed in response to the motion for default judgment referenced a corrected deed that had been filed in December 2021, purporting to transfer ownership of the Property to the Trust and/or the Shahins. DelDOT then amended its complaint to add the Trust and the Shahins as defendants and withdrew its motion for default judgment. On April 29, 2022, the Superior Court held a hearing on the Shahins' motion for sanctions. At the hearing, the Superior Court reviewed the condemnation procedure with the Shahins and advised them that they would be permitted to argue the value of just compensation for the condemnation at trial. At the conclusion of the hearing, the court denied the Shahins' motion for sanctions.

(5) Thereafter, the Shahins filed various motions accusing DelDOT and/or its attorneys of various forms of misconduct, seeking monetary damages and calling

3

for an investigation by the Delaware Department of Justice. The parties convened for a status hearing on August 24, 2022. At the hearing, DelDOT confirmed that its measurements regarding the portion of the Property sought to be condemned were correct, and the Superior Court found that the Shahins had not filed an answer to the amended complaint that was compliant with the court's rules. At the conclusion of the hearing, the Superior Court: (i) ruled that the representations made in the Shahins' motions violated Superior Court Civil Rule 11(b) and noted that it would impose sanctions on the Shahins if they continued to make similar claims in future filings; (ii) reiterated that the only issue outstanding was the amount of just compensation owed to the Shahins; and (iii) gave the Shahins an additional ten days to file an answer that was compliant with the court's rules to DelDOT's amended complaint.

(6) The Shahins did not file an answer to DelDOT's amended complaint. Instead, they filed various motions including three that accused DelDOT, DelDOT's attorneys, and the Superior Court of, among other things, racketeering, perjury, and discrimination. The Shahins also filed a motion to recuse the Superior Court judge and a motion for the appointment of counsel. The Superior Court denied the motions and sanctioned the Shahins for the filing of the first three. Notably, none of the motions challenged DelDOT's determination of just compensation.

4

(7)     On December 2, 2022, DelDOT again moved for default judgment.  In response, the Shahins filed several documents including one entitled "Defendants' Strong Objections to the Dishonest Attorney's Submittion [sic] of 'Just Compensation' for Fraudulent Condemnation of Their Property," wherein they claimed that they were entitled to $24,550 in just compensation.  Following a hearing, the Superior Court found that the Shahins had failed to file an answer containing a short and plain explanation of their disagreement with DelDOT's good faith estimation of just compensation for the condemnation and granted the motion. The Shahins filed a motion for reargument, which the Superior Court denied because it was untimely.  This appeal followed.

(8)     We review the Superior Court's entry of a default judgment for abuse of discretion.[1]  A trial court "does not abuse its discretion when it enters a default judgment on a record [that] reflects an exercise of judgment directed by conscience and reason."[2]

(9)     On appeal, the Shahins advance four arguments: (i) DelDOT violated 10 *Del. C.* §6105(c) by failing to name the Shahins in its original complaint; (ii) the Shahins' filing of their "strong objections" to the condemnation action constituted an "answer" under 10 *Del. C.* § 6107; (iii) their property was condemned because

---

[1] *In re Estate of Jones*, 2001 WL 118011, at *2 (Del. Feb. 2, 2001).
[2] *Id.* at *3.

DelDOT's attorneys and the Superior Court judge engaged in corruption, collusion, and racketeering; and (iv) the Shahins were denied just compensation for the condemnation of their property. We find no merit to the Shahins' claims.

(10) First, it is clear that DelDOT complied with Section 6105(c) by naming only the known record owners of the Property in its initial complaint.[3] As DelDOT correctly noted in the proceedings below, it would have been improper for DelDOT to assume, absent some form of proof, that a party claiming to have an interest in the Property actually had such an interest. And, once DelDOT knew that a corrected deed had been recorded, it amended its complaint to include the Trust and the Shahins as defendants—and did so before the Superior Court held a hearing involving the determination of just compensation.[4]

(11) The Shahins next argue that their response to DelDOT's complaint constituted an "answer" as contemplated by 10 *Del. C.* § 6107. But, when the Shahins initially filed their "strong objections" in July 2021, they were not parties to the litigation and had no standing to file an answer to the complaint. Moreover, after

---

[3] We note that the Shahins included in the appendix to their opening brief correspondence from DelDOT and addressed to their children from September 2020 regarding the need for the condemnation. The Shahins therefore knew that the Property was not titled in their names well before DelDOT filed its complaint in June 2021.

[4] 10 *Del. C.* § 6105(c) ("Upon the commencement of the action, the plaintiff need join as defendants only the persons having or claiming an interest in the property whose names are known, but prior to any hearing involving the determination of compensation to be paid, the plaintiff shall add as defendants all persons having or claiming an interest in the property whose names can be ascertained by a search of the records to the extent commonly made by competent searchers of title….").

6

DelDOT filed its amended complaint, the Shahins did not file an answer. Instead, the Shahins filed four motions: one demanding that DelDOT provide proof that it was condemning other properties in connection with the highway reconstruction project; one asking the court to order that they be compensated for "two-year illegal judicial harassment, intimidation, and gross violations of their constitutional rights;" one demanding that the DOJ open an investigation into whether DelDOT's attorneys and the Superior Court judge were engaged in racketeering; and one asking the court to charge DelDOT's attorneys with perjury. None of these documents appeared to be an answer to DelDOT's amended complaint.

(12) At the August 24, 2022 status hearing, the Superior Court expressly found that the motions (with the exception of the first, which the Shahins withdrew) violated all four requirements of Superior Court Civil Rule 11(b). We agree with the Superior Court's conclusion. To the extent that any of the documents set forth a legally recognized objection to the condemnation action or DelDOT's estimation of just compensation, the objection was not a "plain" statement; to the contrary, it was buried under baseless claims of misconduct lodged against the judge and DelDOT's attorneys. The Superior Court, in the exercise of great patience, granted the Shahins ten days to answer the amended complaint. They did not comply. Given these circumstances, the Superior Court did not abuse its discretion when it found that the Shahins had failed to file an answer to DelDOT's amended complaint.

7

(13)   Turning to the Shahins' argument that the default judgment should be set aside because the trial court and DelDOT's attorneys engaged in racketeering, there is no factual basis for the Shahins' conspiracy theory.

(14)   Finally, the Shahins first raised a semblance of an argument concerning the amount of compensation to which they were entitled *after* DelDOT filed its motion for default judgment based on their failure to file an answer to its amended complaint.  The just compensation argument—the validity of which was vigorously disputed by DelDOT at the hearing on its motion for default judgment—was raised too late.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr,*
Chief Justice

8